UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-254 |
| | § | |
| TAMARA MCCULLOUGH, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER GRANTING IN PART MOTION FOR A PROTECTIVE ORDER

Defendants' motion for a protective order (D.E. 35) is granted in part. Discovery is limited to the issue of qualified immunity only.

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). To discharge this burden, the plaintiff must satisfy a two-prong test." Atteberry v .Nocana Gen. Hosp., 430 F.3d 245, 251-52 (5th Cir. 2005). First he must claim that the defendants committed a constitutional violation under current law. Id. (citation omitted). Second, he must claim that defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. Id.

Unless already provided in the initial disclosures, Defendants must respond to any discovery request related to whether the alleged violations occurred, and whether the defendants' actions were objectively reasonable in light of the law that was clearly established at the time of the actions of complained of.  If the parties have a dispute about whether certain interrogatories or requests for production are related to the issue of qualified immunity, any party may file a motion to compel or for protection.

ORDERED this 28th day of February, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE